UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
STATE OF FLORIDA, and STATE
OF TEXAS,
*ex rel.* JOHN TAYLOR and TUNYA TAYLOR,

    Plaintiff-Relators,

v.                                                             Case No. 8:19-cv-2169-T-60CPT

THE MULTIPLAN NETWORK, CHUBB
COMPANY (AMERICA), CHUBB COMPANY
(INTERNATIONAL), HLA ENROLLMENT
CENTER, FEDERAL INSURANCE COMPANY,
ADMINISTRATIVE CONCEPT INC. a/k/a ACI,
MY BENEFITS KEEPER a/k/a MBK, MPH
ACQUISITION HOLDING LLC, and POLARIS
INTERMEDIATE CORP d/b/a MULTIPLAN,

    Defendants.
_____/

## **ORDER DISMISSING CASE**

This matter is before the Court upon consideration of the amended complaint (Doc. 5) and the "Government's Notice of Election to Decline Intervention" (Doc. 17), filed by the United States of America on December 24, 2019.

On December 24, 2019, the United States filed its notice of election, declining to intervene in this case. (Doc. 17). Typically, at this juncture, the Court would order that the amended complaint be unsealed and served upon Defendants. The Court, however, finds that Relators John and Tunya Taylor are unable to proceed due to their failure to retain counsel in violation of this Court's Order.

The Eleventh Circuit has held that a *pro se* relator cannot bring or maintain a *qui tam* action. *See Deutsche Bank Nat. Trust Co. v. Holyfield*, 309 F. App'x 331, 333 (11th Cir. 2009) (concluding that the district court lacked subject matter jurisdiction because the relator could not proceed *pro se* in the *qui tam* action); *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008) (holding that a private individual cannot maintain a *qui tam* suit under the False Claims Act as a *pro se* relator).

The Relators were warned about their inability to proceed *pro se*, and they were given ample opportunity to retain counsel. (Doc. 10). However, they failed to do so before the December 23, 2019, deadline. The Court notes that on March 17, 2020, the Relators filed a motion seeking a 120-day extension to retain counsel and a motion to appoint counsel,[1] citing the recent pandemic.[2] (Docs. 20, 21). However, the Relators did not make their request for an extension of time to hire an attorney until almost three months after the Court's deadline, demonstrating a willful disregard for this Court's Orders.

Consequently, this case is dismissed with prejudice as to Relators John and Tunya Taylor due to lack of subject matter jurisdiction and the willful failure of the Relators to retain counsel in violation of the Court's October 23, 2019, Order. *See* (Doc. 10); *United States v. GE Healthcare, Inc.*, Case No. 8:14-cv-120-T-33TGW, 2018 WL 3831185, at *2 (M.D. Fla. Aug. 13, 2018) (dismissing *qui tam* case with

---

[1] The Court notes that a prior motion to appoint counsel was denied by United States Magistrate Judge Christopher Tuite on January 7, 2020. *See* (Docs. 15, 18).
[2] On March 19, 2020, the United States filed a response opposing the motions and requesting that the Court dismiss the case. (Doc. 22).

prejudice as to relator who failed to obtain counsel before court-imposed deadline). This dismissal is without prejudice as to the United States.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The Clerk is directed to unseal the amended complaint (Doc. 5). All other contents of the Court's file in this action shall remain under seal and not be made public or served upon Defendants, except for this Order and the Government's Notice of Election to Decline Intervention (Doc. 17).

(2) The seal shall be lifted as to all other matters occurring in this action after the date of this Order.

(3) This case is **DISMISSED WITHOUT PREJUDICE** as to the United States of America.

(4) This case is **DISMISSED WITH PREJUDICE** as to Relators John and Tunya Taylor.

(5) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 23rd day of March, 2020.

        **TOM BARBER**
        **UNITED STATES DISTRICT JUDGE**