UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
STATE OF FLORIDA, and STATE OF
TEXAS, ex rel. JOHN TAYLOR and
TUNYA TAYLOR,

      Plaintiff-Relators,

v.                                    Case No. 8:19-cv-2169-JLB-CPT

THE MULTIPLAN NETWORK, CHUBB
COMPANY (AMERICA), CHUBB
COMPANY (INTERNATIONAL), HLA
ENROLLMENT CENTER, FEDERAL
INSURANCE COMPANY,
ADMINISTRATIVE CONCEPT INC. a/k/a
ACI, MY BENEFITS KEEPER a/k/a MBK,
MPH ACQUISITION HOLDING LLC, and
POLARIS INTERMEDIATE CORP d/b/a
MULTIPLAN,

      Defendants.
_____/

## ORDER

This matter comes to the Court on Plaintiffs John Taylor and Tunya Taylor's (collectively, "the Taylors") pro se "Petition and Application for Leave to Bring an Interlocutory Appeal of the Court[']s 08/20/2020 Order & 02/25/2022 Order: Pursuant to 28 U.S.C. 1292(B)."  (Doc. 74.)  No response is necessary.  Upon review, the motion for leave to file an interlocutory appeal (Doc. 74) is due to be denied.

Title 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference

> of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

28 U.S.C. § 1292(b). There are thus three "essential requirements for any § 1292(b) appeal": (1) a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. See McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1257–59 (11th Cir. 2004). "Most interlocutory orders do not meet this test." OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1359 (11th Cir. 2008). Section 1292(b) certification "is wholly discretionary with both the district court and [the circuit court]." Id. at 1358 (citation omitted).

Here, the Taylors have not addressed, much less satisfied, the requirements of section 1292(b) certification. Indeed, the February 25, 2022 order the Taylors seek to appeal merely dismissed their amended complaint as an impermissible shotgun pleading with leave to file a second amended complaint. (Doc. 72 at 4–7.) The order further quashed their purported return of service for insufficient process and service and process and directed that, if the Taylors decide to file a second amended complaint, they must serve process consistent with the Federal Rules of

2

Civil Procedure. (Id. at 13–18.)[1] Lastly, the Court granted a motion to dismiss for lack of personal jurisdiction as to Defendants MPH Acquisition Holding LLC and Polaris Intermediate Corp, dismissing the claims against them without prejudice. (Id. at 7–13, 21.) The Court permitted the Taylors until March 14, 2022 to file a second amended complaint (id. at 21), and on February 28, 2022 they filed their motion for leave to file an appeal (Doc. 74). A few days later they filed a notice of appeal, and the Clerk of Court transmitted the initial appeal package to the U.S. Court of Appeals for the Eleventh Circuit. (Docs. 75, 77.)[2]

The Taylors do not identify any "controlling question of law as to which there is substantial ground for difference of opinion" or show that an "immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b). Instead, the Taylors seek "review by the [Eleventh] Circuit before re-drafting their amendment [sic] complaint and removing several parties

---

[1] In the August 20, 2020 order, entered prior to this case's reassignment and more than six months before the instant motion, the Court instructed the Taylors to serve process on Defendants within sixty days and to file the returns of such service within seventy-five days. (Doc. 31.) The Taylors filed a notice in which they represented that all Defendants were served with the amended complaint and the Court's order. (Doc. 33.) The Court then stayed the case pending entry of the Eleventh Circuit's mandate in the case's appeal and denied without prejudice the Taylors' subsequent motion for a clerk's default. (Docs. 34, 35, 36.) The case was reassigned, and this Court observed that the district court lacked authority to issue the order pending entry of the Eleventh Circuit's mandate. (Doc. 72 at 20.) In all events, section 1292(b) certification as to that order is also unwarranted.

[2] "As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003) (citation omitted.) The filing of a notice of appeal does not, however, "prevent the district court from taking action in furtherance of the appeal." Id. (quotation omitted).

3

whom knowingly and willingly broken multiple federal laws as corporations in federal court." (Doc. 74 at 3.) The Taylors further purport to identify "45 topics which they believe shall prove their belief that One or both of the District courts orders were possible [sic] made in errors [sic]," raising several contentions that were previously considered and rejected. (Id. at 4.)

In all events, "[n]either the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion." Rodriguez v. Procter & Gamble Co., 499 F. Supp. 3d 1202, 1208 (S.D. Fla. 2020) (quotation omitted). And to the extent the Taylors seek to appeal the Court's finding as to personal jurisdiction, they do not specify the basis of any appeal. Indeed, as this Court noted, "[d]espite being directed to respond to the motion to dismiss, the Taylors have not presented evidence or even addressed MPH and Polaris's challenge to personal jurisdiction." (Doc. 72 at 8 n.3.)[3]

Nor do the Taylors explain how an immediate appeal will "materially advance the ultimate termination of the litigation," especially since, as to the impermissible shotgun pleading, the Taylors were provided leave to file a second amended complaint. See McFarlin, 381 F.3d at 1259 (explaining that the requirement means "that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation"). Although they

---

[3] Notably, there has been no entry of judgment—or request for entry of judgment—as to the claims against MPH and Polaris under Federal Rule of Civil Procedure 54(b). See, e.g., Seahorse Boat & Barge Corp. v. Jacksonville Shipyards, Inc., 617 F.2d 396, 397 (5th Cir. 1980).

complain that the time permitted to file a second amended complaint was insufficient (Doc. 74 at 17; Doc. 75 at 9–10), they filed their motion for leave to appeal more than fourteen days prior to the deadline and, prior to filing the notice of appeal, did not move for an extension of time to file a second amended complaint.

In summary, absent a controlling question of law as to which there is substantial ground for difference of opinion and a showing that an immediate appeal from the August 20, 2020 or February 25, 2022 order may materially advance the ultimate termination of the litigation, an appeal under 28 U.S.C. § 1292(b) is unwarranted. Accordingly, the Taylors' motion (Doc. 74) is **DENIED**.

**ORDERED** in Tampa, Florida, on March 9, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE